FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 AUG 15  PM 12:58

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | : | |
| v. | : | Civil Action No. BY _____ |
| | : | **JKB14CV2611** |
| $24,453.00 in U.S. CURRENCY,<br>Defendant | : | |

: : : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan T. Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.  This is a civil forfeiture action against U.S. currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. §881(a)(6).

### THE DEFENDANTS IN REM

2.  The defendant property consists of $24,453.00 in U.S. Currency (hereinafter, the "Defendant Property").

3.  The Defendant Property was seized on February 12, 2014, during the execution of a search and seizure warrant at 2 Kentbury Court, Owing Mills, Maryland 21117.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. §881.

5. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Allan Stocksdale of the Baltimore County Police, which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the defendant property;

3. That Judgment of Forfeiture be decreed against the defendant property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and

5. That the plaintiff has such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

8/15/2014
Date

Evan T. Shea
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

3

## **VERIFICATION**

I, Evan T. Shea, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and the Baltimore County Police and that everything contained therein is true and correct to the best of my knowledge and belief.

8/15/14
Date

Evan T. Shea
Assistant United States Attorney

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $24,453.00 in United States Currency.

I, Allan Stocksdale, have been a Baltimore County Police Officer since August of 1986, and as of October 1991, have been assigned to the Narcotics Section. In February 1997, I began working in the Asset Forfeiture Unit within the Narcotics Section. In December of 2009, I transferred to the Legal Section.

There are sufficient facts to support a reasonable belief that the $24,453.00 in United States Currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. The Baltimore County Police conducted an investigation into an armed breaking and entering and home invasion which occurred on February 12, 2014 at 2 Kentbury Court in Baltimore County, MD.

b. One of the victims of this crime and a resident of this address was Jovonda MCDONALD.

c. Additionally, Christopher JERRY was present at 2 Kentbury Court on February 12, 2014, when the investigators arrived.

    d.     JERRY told investigators that he was a friend of the family, and sometimes stays at 2 Kentbury Court, but it was not his residence.

    e.     When asked by investigators if there was any money or drugs in the house, MCDONALD said that she had about $20,000 in cash in her room, but no drugs.

    f.     MCDONALD told investigators that she was a hairdresser.

    g.     When the investigator told MCDONALD that marijuana had already been observed in plain view inside the house, she admitted to smoking it.

    h.     A search and seizure warrant was obtained for 2 Kentbury Court and executed the same date.

    i.     From the master bedroom, which MCDONALD told investigators was her bedroom, investigators recovered:

        i.     A marijuana cigar

        ii.    $8,300.00 in United States Currency on the floor behind a suitcase

    j.     From the basement, investigators recovered:

        i.     A large suitcase with an airline luggage tag with the inscribed name "Jovonda MCDONALD" containing heat sealed bags, a box of Ziploc bags, and an electronic scale;

        ii.    A bag of marijuana; and

        iii.   A large Ziploc bag with residue.

    k.     From the kitchen, investigators recovered:

        i.     $16,153.00 in United States Currency from inside the pantry;

        ii.    A metal grinder with marijuana residue; and

        iii.   An electronic scale box.

l.  From the family room, investigators recovered an ashtray with burnt cigar ends and a grinder.

m.  From the play room, the room in which JERRY told investigators that he sleeps, investigators recovered a book bag containing a large Ziploc bag, six (6) smaller bags of marijuana, and papers in the name of JERRY.

n.  The total approximate gross weight of marijuana seized from 2 Kentbury Court was 295 grams.

o.  On February 26, 2014, MCDONALD agreed to meet investigators with her attorney at the State's Attorney's Office.

p.  During this meeting, MCDONALD said that JERRY used to date her sister, and was a friend of the family.

q.  MCDONALD said that she rents the house through a rental company and doesn't know the owner of the house.

r.  When an investigator suggested that he believed the motive for the home invasion was the money and marijuana that MCDONALD had in her house, she became defensive and angry.

s.  When confronted with the fact that the pink suitcase found in the basement with her ID tag on it reeked of marijuana, had several heat-sealed bags, a box of Ziploc bags, and electronic scale, MCDONALD stated that the suitcase was hers and that her children used it when they traveled to Florida.

t.  On March 4, 2014 an arrest warrant was issued for MCDONALD and JERRY for felony possession of marijuana. MCDONALD's criminal case in this matter is scheduled for trial on October 9, 2014, and includes the charges of possession with intent to distribute

marijuana and possession of marijuana. MCDONALD is currently out on bail.

u.  MCDONALD has been arrested in Georgia, Virginia, and Maryland on charges of felony possession of controlled dangerous substances, theft, and assault. JERRY has been arrested multiple times for drug violations, including felony possession of controlled dangerous substances.

v.  A check made through Maryland State Wage and Records, revealed that MCDONALD had no record of reported legitimate earnings in the State of Maryland. JERRY earned $757 for the year 2012, and $130 for the year 2013.

w.  Law enforcement officers know through training and experience that most armed home invasions are drug related. The motivation of this crime is the knowledge that the targeted victim will either have a large cash hoard or drug stash, making them a prime victim of this type of crime.

x.  The fact that there was marijuana or drug related evidence recovered from virtually every area of the residence and the fact that MCDONALD's own suitcase found in the basement reeking of marijuana evidences that MCDONALD had criminal knowledge of the drug activity taking place in this residence. Suitcases are commonly used to house and transport controlled dangerous substances.

y.  The amount of marijuana, 295 grams, the way that the marijuana was packaged, and the presence of scales, grinders, and empty packaging all demonstrated the intent to distribute.

z.  The $8,300.00 of United States Currency recovered from MCDONALD's bedroom and the $16,153.00 of United States Currency recovered from the kitchen pantry (a

common area) were aggregated to make the total seizure amount $24,453.00, which was seized as drug proceeds.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $24,453.00 U.S. CURRENCY FROM JOVONDA MCDONALD ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Allan Stocksdale

**MEMORANDUM**

| | |
|---|---|
| DATE: | August 15, 2014 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Jennifer Stubbs<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $24,453.00 in U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID**<br>**Agency Case No. -** |

The United States has filed a forfeiture action against **$24,453.00 in U.S. CURRENCY.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

1

# U.S. Department of Justice
## United States Marshals Service
### PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER **JKB14CV2611** |
|---|---|
| DEFENDANT<br>$24,453.00 in U.S. Currency | TYPE OF PROCESS<br>Verified Complaint in Rem |

**SERVE AT**

Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize
/

Address (Street or RFD / Apt. # / City, State, and Zip Code)

| Send NOTICE OF SERVICE copy to Requester:<br><br>Jennifer Stubbs, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [X] Plaintiff<br>[ ] Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Aug 15, 2014 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service | [ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency | | |

**REMARKS:**

TD F 90-22.48 (6/96)

*Make (5) copies after form is signed. SEND ORIGINAL + 4 COPIES to TREASURY AGENCY. Retain Copy #5 for your file.*